UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPRINKLEBIT HOLDING, INC., et al.,<br><br>                              Plaintiffs,<br><br>v.<br><br>MJD INTERACTIVE AGENCY, INC.,<br><br>                              Defendant. | Case No.:  16-CV-1324 W (BGS)<br><br>**ORDER:**<br><br>**(1) STAYING ACTION UNTIL FURTHER NOTICE; AND**<br><br>**(2) REQUIRING DEFENDANT TO FILE QUARTERLY UPDATES ON THE STATUS OF PARALLEL ARBITRATION PROCEEDINGS** |

On September 23, 2016, the Court issued an Order granting Defendant's Motion to Compel Arbitration as to Plaintiff Sprinklebit Holding, Inc. ("SBH"), but denying it as to Plaintiff Sprinklebit, Inc. ("SBI").  [Doc. 15.]  The September 23 Order did not rule on SBH's Motion to Dismiss SBI.  Instead, it ordered both parties to brief the issue of whether the proceedings between Defendant and SBI should be stayed in light of the pending arbitration proceedings between Defendant and SBH.  (*Id.*)  Parties filed briefs on that issue on October 17, 2016.  [Docs. 16, 17.]

//

//

## I. BACKGROUND

Plaintiffs Sprinklebit Holding, Inc. ("SBH"), and Sprinklebit, Inc. ("SBI"), are California corporations that "operate an investment and trading platform" by which customers can conduct their trading activities. (*See First Amended Complaint ("FAC")* [Doc. 9] ¶¶ 2–3, 9.)  SBH is a majority owner of SBI. (*Id.* [Doc. 9] ¶ 3.)  Defendant MJD is a California corporation in the business of developing applications for mobile phones. (*See id.* [Doc. 9] ¶¶ 4, 9–15.)  SBH and MJD entered into a contract, the "Master Agreement," by which MJD would develop the software for an app that would allow SBH's customers to conduct their stock trading activities from their phones. (*See id.* [Doc. 9] ¶¶ 9–15.)  SBI was not a party to the contract. (*See id.*; *Master Agreement* [Doc. 9-2].)

Plaintiffs allege that MJD delayed delivery of the software by several months. (*See FAC* [Doc. 9] ¶¶ 22–24.)  They further allege that SBH thereafter entered into a second contract with MJD under duress, the "Shares Agreement," by which it ultimately paid an additional $20,000 and sold MJD 124,000 common shares of SBI in order to procure delivery of the software. (*See FAC* [Doc. 9] ¶¶ 23–31.)  Finally, Plaintiffs allege that when they ultimately received the software from MJD, it did not work properly and did not comply with the terms of the Master Agreement. (*FAC* [Doc. 9] ¶¶ 32–39.)

Plaintiffs filed this action on June 2, 2016.  [Doc. 1.]  The FAC alleges nine causes of action against MJD:  (1) False Advertising under the Lanham Act, 15 U.S.C. § 1125; (2) False Advertising in violation of Cal. Bus. & Prof. Code § 17500; (3) Unfair Competition in violation of Cal. Bus. & Prof. Code § 17200; (4) Breach of Contract; (5) Breach of Warranty; (6) Fraud; (7) Negligent Misrepresentation; (8) Tortious Interference with Prospective Economic Relations; and (9) Civil Extortion in violation of Cal. Pen. Code § 518, et seq.  (*See FAC* [Doc. 9].)

//
//
//

## II. LEGAL STANDARD

"A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants."  CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).  The Court must exercise a sound discretion in exercising this power, weighing competing interests, including: (1) the damage that may result from a stay; (2) the hardship or inequities that may result from allowing the case to go forward; and (3) how granting or denying a stay may affect the orderly course of justice, including "simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  Id. (citations omitted).

## III. DISCUSSION

Defendant MJD argues that concurrent proceedings in arbitration and in this Court pose an unacceptable risk of inconsistent rulings.  (*MJD Brief* [Doc. 16] 4:19–5:15.)  This is compelling.  Most of the factual allegations of the FAC and the causes of actions upon which they are based center on two agreements between SBH and MJD—to which SBI was not a party.  (*See FAC* [Doc. 9].)  There are very few, if any, factual allegations in the FAC that would make clear why SBI is a party to this lawsuit.  To the extent that SBI was harmed as a result of MJD's conduct in relation to its agreements with SBH, the results of the pending arbitration between SBH and MJD would have great bearing on the related claims between SBI and MJD.  To allow these proceedings to go forward parallel to the arbitration proceedings between SBH and MJD would unduly complicate the orderly course of justice between all parties.  See CMAX, 300 F.2d at 268.

Plaintiff offers three chief arguments in opposition to a stay.

First, it argues for the existence of factual distinctions between SBI's claims, and those of SBH.  The FAC affords no basis to infer such distinctions.  It refers to the two plaintiffs interchangeably and collectively in virtually every instance.  (*See, e.g., FAC* [Doc. 9] ¶¶ 43–47.)

1    Second, SBI contends that there were other, oral contracts beyond the two
2 aforementioned written agreements that form the factual basis for its causes of action
3 against MJD and that are outside the scope of SBH's arbitration with MJD.  (*See SBI*
4 *Brief* [Doc. 17] 3:20–4:2.)  In making this argument SBI references only paragraph 83 of
5 the FAC, which mentions "oral agreements with Plaintiffs in exchange for consideration,
6 specifically, that Defendant would complete the Software, that the Software would be
7 functional as promised and contain vivid graphs similar to Yahoo Finance, and that the
8 Senior Developer Stephen Scotto would work on the Software."  (*See FAC* [Doc. 9] ¶
9 83.)  These allegations do not form the factual basis for the FAC's breach of contract
10 cause of action, which seems to be solely based on the Master Agreement between SBH
11 and MJD.  (*See FAC* [Doc. 9] ¶ 84 ("Therefore, for these and other reasons, Defendant
12 breached the Master Agreement.").)  Nor do they appear to form the basis for any causes
13 of action between SBI and MJD.  Rather, the Master Agreement and the subsequent
14 Shares Agreement—to neither of which was SBI a party—appear to form the factual core
15 of the FAC.  Furthermore, SBI concedes that these alleged oral agreements were between
16 *both* SBH and SBI and Defendant MJD.  (*SBI Brief* [Doc. 17] 3:21–23.)  Common sense
17 would dictate that common issues of law and fact would exist between the arbitral
18 proceedings and this case, were it to proceed.  This poses a risk of inconsistent results.

19    Third, SBI contends that MJD's ownership interest in SBI would make a stay
20 unjust—that "while Defendant maintains a dubious ownership in SBI, SBI will not be
21 able to secure the additional investors it needs to survive."  (*SBI Brief* [Doc. 17] 5:3–4.)
22 The problem with this argument is that SBH transferred the SBI stock to MJD as part of
23 the Shares Agreement, and that transfer was within the previous Master Agreement's
24 broad arbitration clause.  (*See Master Agreement* [Doc. 9-2] 38 (requiring arbitration of
25 "any controversy or claim arising out of or relating to [the Master Agreement]").)  See
26 Simula, Inc. v. Autoliv, Inc., 175 F.3d 716, 721 (9th Cir. 1999) (stating the principle that
27 courts liberally interpret broad arbitration clauses such as this one).  The Court cannot

4

decide the status of the SBI shares SBH transferred to MJD because SBH and MJD must arbitrate this issue.

SBI's attempt to litigate against MJD in this forum while its holding company complies with the Master Agreement's arbitration clause in an arbitral forum in Singapore (*See Master Agreement* [Doc. 9-2] 38) threatens the orderly and equitable course of justice. As the issues to be decided in the pending arbitration between SBH and MJD overlap to a significant degree with those to be decided in this case, allowing these proceedings to go forward poses an unacceptable risk of inconsistent rulings. This case will be stayed pending completion of the parallel arbitration proceedings between SBH and MJD.

## IV.  CONCLUSION & ORDER

For the foregoing reasons, this case is **STAYED** until further notice from the Court. Upon lifting of the stay, the Court will resolve the pending motion to dismiss. [Doc. 11.]

MJD is directed to file quarterly updates on the status of parallel arbitration proceedings between it and SBH, with the first to be filed on **Tuesday, January 3, 2017.**

**IT IS SO ORDERED.**

Dated:  November 23, 2016

_____
Hon. Thomas J. Whelan
United States District Judge